SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**LEWIS S. BURKHART, OSB #082781**
Assistant United States Attorney
Lewis.Burkhart@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:23-cr-00292-IM-02** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **ERMINIO RAMIREZ PENA,** | |
| **Defendant.** | |

### Introduction

The defendant was caught brokering two ten-pound deals for methamphetamine that were both interdicted by the DEA. The government's case against the defendant was hampered by reliability issues related to a cooperating codefendant. Based on the issues in the government's case, the parties agreed to a joint 57-month prison sentence with a term of 5 years of supervised released.

/ / / /

/ / / /

**Government's Sentencing Memorandum** **Page 1**

**Factual Background**

**A.    The Offense Conduct**

In early 2023, the DEA began investigating a DTO cell transporting methamphetamine, heroin, cocaine, and fentanyl from Mexico to Oregon.  As part of the investigation, law enforcement utilized multiple court-authorized wiretaps on several cellphones. The initial lead target of this investigation was identified as a drug dealer leading a dispatch style DTO from Mexico. Through intercepted communications of the Mexican dispatcher, the DEA became aware of the defendant.

The DEA immediately encountered difficulties confirming the defendant's true identity and location. He provided a false name and claimed to be living in the Seattle area, even though geolocation data from his phone placed him in Portland.

On June 14, 2023, the DEA intercepted communications between the defendant and the Mexican drug dispatcher. (PSR ¶ 19). The defendant ordered ten pounds of methamphetamine. Initially, the DEA believed the ten pounds was all for the defendant, but subsequently learned the defendant brokered the deal for other large-scale dealers. He was only to receive one pound of methamphetamine for arranging the deal. DEA agents set up surveillance at the deal location and saw an individual on a cellphone, later identified as the defendant.

Agents intercepted further communications between the defendant and the Mexican dispatcher describing the vehicle the courier would arrive in. DEA agents saw the courier arrive in a vehicle as described and the DEA stopped the vehicle.  (PSR ¶ 20). The DEA seized approximately ten pounds of methamphetamine from the courier, but the defendant was not contacted. (PSR ¶ 21).

**Government's Sentencing Memorandum**                                    **Page 2**

A week later, DEA agents intercepted more communications between the defendant and the Mexican dispatcher for another ten-pound deal. Agents surveilled the location and saw a courier arrive and meet for a brief time with a codefendant. Agents stopped the codefendant and located ten pounds of methamphetamine in the vehicle. During this operation, agents saw the defendant present in the area, and he appeared to be watching the transaction. DEA agents attempted to make contact with the defendant, but he retreated to a residence and refused to speak with the agents.

DEA agents did not know the defendant's identity, and he was initially indicted as "UM-2024." Agents finally identified the defendant after he was arrested on October 3, 2023. (PSR ¶ 22).

## B.    The Charges and Plea Agreement

Defendant was charged with 3 counts in a 16-count Superseding Indictment. Defendant pled guilty to Count 6, which charges that that on or about June 14, 2023, in the District of Oregon, defendants did knowingly and intentionally possess with the intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii).

In exchange, the government agreed to dismiss Counts 1 and 7 at sentencing. Count 1 charged the defendant and codefendants with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(B), and § 846; Count 7 charged the defendant and codefendants with Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 18 U.S.C. § 2. As part of the plea agreement, Defendant knowingly and voluntarily forfeit

**Government's Sentencing Memorandum**                              **Page 3**

all right, title, and interest in and to all assets which are subject to forfeiture under 21 U.S.C. § 853.

### C.    Guideline Computations

The base offense level is 30. USSG §2D1.1(c).[1] Pursuant to USSG §3B1.2(b), the defendant qualifies for a two-point reduction as the defendant's role relative to that of other members of the conspiracy was minor. (PSR ¶ 33). The defendant qualifies for a three-point reduction for acceptance of responsibility, including the timely notification of the intention to enter a plea of guilty. USSG §3E1.1(a), (b). (PSR ¶ 36).

The government further agreed to a four-level reduction under 18 U.S.C. 3553(a) for resolving the case without litigation, mitigation provided and for agreeing to a joint sentencing recommendation.

| Count 6: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) Possession with Intent to Distribute Methamphetamine | | |
|---|---|---|
| USSG § 2D1.1(a)(5)(i) | Base Offense Level | 30 |
| USSG § 3B1.2(b) | Minor Participant | -2 |
| USSG § 3E1.1(a), (b) | Acceptance of Responsibility | -3 |
| 18 U.S.C. § 3553(a) | | -4 |
| | **Adjusted Offense Level** | 21 |

### D.    Criminal History

| Crime | Date of Arrest | Jurisdiction | Sentence |
|---|---|---|---|
| Criminal Driving While Suspended (DWS) (misd) | 01/12/2000 | Jefferson County Circuit Court | 02/18/2000: 80 hours work crew |
| Criminal DWS (misd) | 08/11/2000 | Jefferson County Circuit Court | 02/23/2001: 60 days jail |

---

[1] The PSR calculates the base offense level by using actual methamphetamine. All the defendants in this case were sentenced under methamphetamine mixture (not actual methamphetamine) and the government believes the analysis should be a mixture to this defendant as well.

**Government's Sentencing Memorandum**                    **Page 4**

| | | | |
|---|---|---|---|
| Failure to Perform Duties of a Driver Involved in an Accident (misd) | 12/12/2000 | Deschutes County Circuit Court | 01/31/2001: Time served |
| Criminal DWS (misd) | 04/12/2001 | Deschutes County Circuit Court | 06/11/2002: Sentenced concurrent |
| DWS (misd) | 06/16/2001 | Crook County Circuit Court | 06/22/2001: 7 days jail |
| Theft II (misd) | 08/12/2001 | Deschutes County Circuit Court | 02/18/2003: 10 days jail |
| Criminal DWS (misd) | 11/03/2001 | Jefferson County Circuit Court | 09/19/2002: 30 days jail |
| Criminal DWS (misd) | 04/04/2002 | Deschutes County Circuit Court | 06/11/2002: 49 days jail |
| Failure to Appear I (felony); Endangering the Welfare of a Minor (2 counts, misd) | 09/09/2002 | Jefferson County Circuit Court | 05/15/2003: 30 days jail |
| Distribution of Methamphetamine (felony) | 10/31/2002 | U.S. District Court Portland, OR | 01/24/2006: 87 months prison |
| Delivery of Methamphetamine (felony) | 07/23/2015 | Deschutes County Circuit Court | 07/17/2017: 24 months prison concurrent |
| Criminal DWS (misd) | 07/31/2016 | Jefferson County Circuit Court | 04/19/2017: 195 days jail[2] |
| Delivery of Heroin (felony) | 10/06/2016 | Multnomah County Circuit Court | 08/15/2017: 50 months prison concurrent |

(PSR ¶¶ 41-52).

The criminal convictions above result in a subtotal criminal history score of 11. (PSR ¶ 54). The defendant committed the instant offense while under a criminal justice sentence for Deschutes County Circuit Court, case #15CR31077 and Multnomah County Circuit Court, case #16CR63445; pursuant to USSG §4A1.1(d), two points are added. (PSR ¶ 55). The resulting

---

[2] The government did not believe this conviction would count for criminal history points. However, the government agrees under 4A1.2(c)(1) the driving while suspended convictions accounts for two-points for being a sentence more than 60 days. Thus, this conviction raises his Criminal History Category from a Level V to a Level VI.

**Government's Sentencing Memorandum**                    **Page 5**

total criminal history score is 13. (PSR ¶ 56). According to the sentencing table in USSG Chapter 5, Part A, a criminal history score of 13 establishes a criminal history category of VI. (*Id.*).

####    E.    Government's Recommended Sentence

The negotiations between the government and the defendant were lengthy and often difficult, driven primarily by a dispute over the defendant's role in the offense and the corresponding sentencing exposure. After reviewing additional information, the government ultimately agreed with the defendant's position. The evidence showed that the ten-pound methamphetamine transactions were not directed to the defendant; rather, he was to receive only one pound of methamphetamine as payment for brokering the deals on behalf of other large-scale distributors.

Considering the clarified role and the resulting negotiations, the parties reached a joint recommendation of 57 months' imprisonment. This sentence appropriately reflects the defendant's criminal history and his limited role—specifically, that he facilitated the transaction and was to be compensated with only one pound of methamphetamine. The government also recognizes that, had the case proceeded to trial, there were legitimate triable issues, including the fact that the defendant was never stopped or identified, and the government's evidence relied in part on a cooperating codefendant whose reliability could be challenged.

Based on the circumstances, a 57-month sentence is sufficient, but not more than necessary.

/ / / /

/ / / /

**Government's Sentencing Memorandum**                                        **Page 6**

**Conclusion**

Based on the foregoing, the parties jointly recommend that this Court impose a sentence of 57 months, followed by a 5-year term of supervised release.

Dated: June 15, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Lewis S. Burkhart*
LEWIS S. BURKHART, OSB #082781
Assistant United States Attorney